UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAWRENCE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>    Defendants. | Case No. 14-cv-03969-JCS (PR)<br><br>**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, a Nevada state prisoner proceeding pro se, has filed this federal civil rights action under 42 U.S.C. § 1983 in which he raises claims against the California Highway Patrol ("CHP") and two of its officers. After reviewing the complaint pursuant to 28 U.S.C. § 1915(e), the Court DISMISSES the complaint with leave to file an amended complaint on or before March 2, 2015.[1]

---

[1] Plaintiff consented to magistrate judge jurisdiction. (Compl. at 4.) The magistrate judge, then, has jurisdiction to issue this order, even though defendants have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prisoners action under 42 U.S.C. § 1983 as frivolous without consent of defendants because they had not been served and therefore were not parties).

**DISCUSSION**

**A.     Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that on September 6, 2012, CHP Officers R. Adams and J. Salaun pulled his vehicle over for speeding, arrested him, and seized his car, which has not been returned to him. It is not clear whether plaintiff contests the validity of the traffic stop, his arrest, the seizure of his vehicle, or the CHP's continued retention of the vehicle, or all four. Because it is not clear what claims he is pursuing, the complaint will be dismissed with leave to amend.

If plaintiff contests the validity of the traffic stop or arrest, he must show that no conviction resulted from the arrest, or that any resulting conviction or sentence is void. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994).

If plaintiff contests the seizure and withholding of his vehicle, he may raise a claim under the Fourth Amendment, which protects against unlawful searches and seizures. In addition to unlawful seizures, an unreasonably long retention of a person's property by the state may raise Fourth Amendment concerns. *United States v. Jacobsen*, 466 U.S. 109, 124 & n.25 (1984) (destruction of small amount of seized powder to test for contraband was reasonable); *United States v. Place*, 462 U.S. 696, 709–710, 103 (1983) (ninety-minute seizure of luggage at airport, exacerbated by failure of agents to inform respondent where they were taking luggage, unreasonable). In such cases, the individual's interest in possession must be balanced against the government's interest in retaining the property. *United States v. Sullivan*, 753 F.3d 845, 855 (9th Cir. 2014).

In order to state a claim that the continued retention is unreasonable, plaintiff must state in his amended complaint what efforts he has made to obtain his vehicle and why they were unsuccessful. He must also allege how Officers Adams and Salaun are responsible for the continued retention of his vehicle. At present, it appears that they only seized it, not that they are responsible for the continued holding of the vehicle. Plaintiff must allege specific facts regarding what defendants are at fault and why they are at fault.

## CONCLUSION

The complaint is DISMISSED with leave to amend. **Plaintiff shall file an amended complaint on or before March 2, 2015.** The first amended complaint must

3

1  include the caption and civil case number used in this order (14-3969 JCS (PR)) and the
2  words FIRST AMENDED COMPLAINT on the first page.  It must address all deficiencies
3  discussed above.  Because an amended complaint completely replaces the previous
4  complaints, plaintiff must include in his first amended complaint all the claims he wishes
5  to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d
6  1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior
7  complaint by reference.  Failure to file an amended complaint in accordance with this
8  order will result in dismissal of this action without further notice to plaintiff.

9  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
10 informed of any change of address by filing a separate paper with the clerk headed "Notice
11 of Change of Address."  He must comply with the Court's orders in a timely fashion or ask
12 for an extension of time to do so.  Failure to comply may result in the dismissal of this
13 action pursuant to Federal Rule of Civil Procedure 41(b).

14 **IT IS SO ORDERED.**

15 Dated:  January 22, 2015

_____
JOSEPH C. SPERO
United States Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LAWRENCE WILLIAMS,

    Plaintiff,

    v.

CALIFORNIA HIGHWAY PATROL, et al.,

    Defendants.

Case No.   14-cv-03969-JCS

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 1/22/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Lawrence Williams ID: 1118862
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, NV 89702

Dated: 1/22/2015

Richard W. Wieking
Clerk, United States District Court

By:___*Karen L. Hom*___
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO